1  **Sanjay S. Schmidt (SBN 247475)**
   **LAW OFFICE OF SANJAY S. SCHMIDT**
2  1388 Sutter Street, Suite 810
   San Francisco, CA 94109
3  T: (415) 563-8583
4  F: (415) 223-9717
   e-mail: ss@sanjayschmidtlaw.com
5
6  **Cate Beekman (SBN 245605)**
   BEEKMAN & CHIKHANI, LLP
7  711 Jefferson Street, Suite 202
   Fairfield, CA 94533
8  T: 707-427-2511
9  F: 707-561-6646
   e-mail: catebeekman@gmail.com
10
11 *Attorneys for Plaintiff,*
   **SARAH TUNING**
12

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SARAH TUNING**, | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND** ) **DEMAND FOR JURY TRIAL** |
| vs. | ) |
| | ) 1. 42 U.S.C. § 1983 – Civil Rights Violations |
| **CITY OF WALNUT CREEK**, a municipal corporation; City of Walnut Creek Police Department Officers **DOES 1-10**, individually; **CITY OF MARTINEZ**, a municipal corporation; City of Martinez Police Department Officers **DOES 11-20**, individually; **CITY OF PLEASANT HILL**, a municipal corporation; City of Pleasant Hill Police Department Officers **DOES 21-30**, individually; **CITY OF SAN RAMON**, a municipal corporation; City of San Ramon Police Department Officers **DOES 31-40**, individually; **SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT**, a district; Bay Area Rapid Transit Police Department Officers **DOES 41-50**, individually; California Highway Patrol Officers **DOES 51-60**; **COUNTY OF** | ) 2. California Civil Code § 52.1 (b) – State Civil Rights Violations ) 3. Cal. Const., Art. I., § 13 Violations ) 4. Assault and Battery ) 5. Negligence |

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.           1

| | |
|---|---|
| **CONTRA COSTA**, a municipal corporation; | ) |
| County of Contra Costa Sheriff's Department | ) |
| Deputies **DOES 61-70**; **CITY OF PITTSBURG**, | ) |
| a municipal corporation; City of Pittsburg Police | ) |
| Department Officers **DOES 71-80**, individually; | ) |
| and, **DOES 81-150**, Jointly and Severally, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |

Plaintiff, SARAH TUNING, by and through her attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and BEEKMAN & CHIKHANI, LLP, for her Complaint against Defendants, states as follows:

## INTRODUCTION

On May 25, 2020, George Floyd was murdered by former Minneapolis Police Department officer Derek Chauvin, who knelt on Mr. Floyd's neck for 9 minutes and 29 seconds, as three other officers looked on and prevented concerned bystanders from intervening. A heroic young lady, one Darnella Frazier, who was only 17 years old at the time of the incident, recorded the killing on her cellular phone. As the chilling video went viral and news of the incident spread, protests started in Minneapolis, and quickly spread nationwide – and internationally – to over 2,000 cities and towns, in over 60 countries. This incident, although not the first of its kind, symbolized a breaking point for many, and precipitated a resurgent, worldwide movement to address racial injustice and police misconduct. This movement continues to this day, at the grassroots level with protests in the streets, in statehouses, in Congress, and in the courts. There were a number of protests in the Bay Area in the days and weeks following the killing of George Floyd, including one in Walnut Creek, California, on June 1, 2020.

This civil rights case arises out of an incident that occurred at the protest in Walnut Creek, on June 1, 2020, in which Ms. Tuning was exercising her Free Speech rights under the California and U.S. Constitutions, participating to raise awareness for social justice and the wrongful killing of George Floyd and others. While peacefully protesting, Ms. Tuning was wrongfully subjected to a serious use of a high degree of force by a to-be-identified police

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                    2

officer; Plaintiff was shot in the face, and sustained a severe head injury from a "40-millimeter sponge round," also referred to in common parlance sometimes as a "rubber bullet." The force was so substantial that Plaintiff was concussed, her ears were ringing, and she lost her vision and hearing for some time, until it eventually was restored. The to-be-identified officer inflicted severe injuries, including, but not limited to: a traumatic brain injury, a traumatic subdural hematoma and traumatic, acute intracranial hemorrhage, intraparenchymal hemorrhage, and a 3-centimenter, C-shaped deep laceration on her forehead. Then, after being shot, Ms. Tuning was unreasonably delayed from obtaining medical care by various police officers, who also failed to render any aid to her. The other individuals she was with were seeking to get medical care for her acute injuries, and these people were trying to explain to the police officers present that Ms. Tuning had been injured and needed to go to the hospital, but the phalanx of police ignored their pleas and kept marching behind them, pushing Plaintiff and the individuals she was with along. Despite Plaintiff's visible, acute injuries, none of the police officers offered Ms. Tuning any medical assistance. Ms. Tuning's acute head injuries later required that she be admitted to the hospital. Here is one picture of the severe head laceration inflicted on Ms. Tuning from being shot; this was after the profuse bleeding had been stopped, and the blood had been cleaned up:



Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                              3

## JURISDICTION

1. This is a civil-rights enforcement action arising from the use of excessive force and other state and federal constitutional violations, to which Defendants subjected Plaintiff SARAH TUNING, on June 1, 2020, which occurred in Walnut Creek, California.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because this case is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First and Fourth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

3. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT TO SAN FRANCISCO OR OAKLAND DIVISION

4. The events and/or omissions complained of herein occurred in the City of Walnut Creek and County of Contra Costa, California; pursuant to Northern District Civil Local Rule 3-2(d), this action is properly assigned to the San Francisco or Oakland Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

5. Plaintiff SARAH TUNING is a citizen of the United States, a competent adult, and a resident of the State of California.

6. Defendant CITY OF WALNUT CREEK ("WALNUT CREEK") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified DOE Defendants 1-10. Under its authority, WALNUT CREEK operates the Walnut Creek Police Department ("WCPD").

7. Defendant CITY OF MARTINEZ ("MARTINEZ") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified DOE Defendants 11-20. Under its authority, MARTINEZ operates the Martinez Police Department ("MPD").

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                    4

8. Defendant CITY OF PLEASANT HILL ("PLEASANT HILL") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified DOE Defendants 21-30. Under its authority, PLEASANT HILL operates the Pleasant Hill Police Department ("PHPD").

9. Defendant CITY OF SAN RAMON ("SAN RAMON") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified DOE Defendants 31-40. Under its authority, SAN RAMON operates the San Ramon Police Department ("SRPD").

10. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("SFBART") is a district, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified DOE Defendants 41-50. Under its authority, SFBART operates the Bay Area Rapid Transit Police Department ("BART PD").

11. The STATE OF CALIFORNIA ("STATE") is a public entity, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified California Highway Patrol Officers named as DOE Defendants 51-60. The California Highway Patrol ("CHP") is operated under its authority. The STATE is not named as a Defendant.

12. Defendant COUNTY OF CONTRA COSTA ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified DOE Defendants 61-70. Under its authority, the COUNTY operates the Contra Costa County Sheriff's Department ("CCCSD").

13. Defendant CITY OF PITTSBURG ("PITTSBURG") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified DOE Defendants 71-80. Under its authority, PITTSBURG operates the Pittsburg Police Department ("PPD").

14. Defendant WCPD Officers DOES 1-10, MPD Officers DOES 11-20, PHPD Officers DOES 21-30, SRPD Officers DOES 31-40, BART PD Officers DOES 41-50, CHP Officers DOES 51-60, CCSD Deputies DOES 61-70, PPD Officers DOES 71-80, and any other, to-be-identified officers or employees of either public entities named above or other, to-be-identified

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                    5

public entities, at all material times were employed as police officers by WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, STATE, COUNTY, and PITTSBURG, respectively, and at all material times were acting within the course and scope of that employment.

15. DOE Defendants 81–100 were and/or are and/or may be to-be-identified employees and/or agents of another municipality or municipalities, and at all material times acted within the course and scope of that employment.

16. DOE Defendants 101-110 are any other, to-be-identified municipalities that employed any individuals whose tortious and/or constitutionally violative conduct gave rise to Plaintiff's claims.

17. At all times mentioned herein, Defendants DOES 1 through 100, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, STATE, COUNTY, PITTSBURG, and any other to-be-identified municipality, and acted under color of state law. The Defendants named above and DOES 1 through 100 are sued in their individual capacities.

18. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 through 150 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

19. The California Constitution, Article 1, Section 3, provides that, "[t]he people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny." Recognizing the "fundamental and necessary right" of access to information concerning the conduct of the people's business, the Legislature enacted the California Public

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                    6

Records Act ("CPRA"), which ensures the public's access to this information. *See* CAL. GOV'T CODE § 6250.

20. In 2018, the Legislature passed, and the Governor signed into law, "The Right to Know Act," Senate Bill 1421 (2017–2018 Reg. Sess.) (Skinner 2018) ("S.B. 1421"), effective January 1, 2019, which declared certain types of records relating to police misconduct would no longer be confidential. In enacting S.B. 1421, the Legislature declared that public knowledge about police misconduct, and access to records relating to use of force incidents, is of particular importance:

> The public has a right to know all about serious police misconduct, as well as about officer-involved shootings and other serious uses of force. Concealing crucial public safety matters such as officer violations of civilians' rights, or inquiries into deadly use of force incidents, undercuts the public's faith in the legitimacy of law enforcement, makes it harder for tens of thousands of hardworking peace officers to do their jobs, and endangers public safety.

S.B. 1421, section 1(b).

21. S.B. 1421 amended Penal Code section 832.7, and provided that certain peace officer records related to serious uses of force would be subject to public disclosure, pursuant to the CPRA, Government Code section 6250 *et seq*. These include records "relating to the report, investigation, or findings" of an "incident in which the use of force by a peace officer or custodial officer against a person resulted in . . . **great bodily injury**." CAL. PENAL CODE § 832.7, (b)(1)(A)(ii) (emphasis added) (hereafter "§ 832.7").

22. "As amended, … section 832.7(a) now provides that the confidentiality of officer personnel records is subject to a newly added subdivision (b)[.]" *Becerra v. Superior Court*, 44 Cal. App. 5th 897, 915 (2020)[1] (citing § 832.7, as amended by Stats. 2018, ch. 988, § 2, eff. Jan. 1, 2019). Now, under Penal Code § 832.7, subdivision (b)(1)(A)(ii), as amended effective January 1, 2019, (hereafter "§ 832.7(b)(1)") "record[s] relating to the report, investigation, or findings of" "[a]n incident in which the use of force by a peace officer or custodial officer

---

[1] Notably, on May 13, 2020, the Supreme Court of California rendered this opinion final in an order providing as follows: "The requests for an order directing the depublication of the opinion in the above-entitled appeal are denied. The court declines to review this matter on its own motion. The matter is now final." (*Becerra v. Superior Court*, No. S260919 (May 13, 2020) 2020 Cal. LEXIS 3396, at *1.)

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                7

against a person resulted in death, or in **great bodily injury**[]" are **not** confidential, and shall be disclosed pursuant to the CPRA. CAL. PENAL CODE § 832.7(b)(1)(A)(ii) (emphasis added).

23. Shortly after this incident, on **July 8, 2020**, Plaintiff's undersigned counsel diligently attempted to ascertain the identities of the responsible parties, by timely serving CPRA Requests and other, comprehensive record requests on the BART Police Department (both online and via US Mail), the Central County SWAT Team, the CHP – Contra Costa County, CHP – Golden Gate Division, the City of Walnut Creek (copying the Chief of Police for the Walnut Creek Police Department), the Contra Costa County Sheriff's Department, the Martinez Police Department, and the Pleasant Hill Police Department. The records that § 832.7(b)(1) mandates disclosure of were not provided. The responses that were ultimately provided did not comport with § 832.7(b)(1). Furthermore, no records identifying the officer or officers responsible for inflicting great bodily injuries on Plaintiff were provided. Consequently, as a result of the failure by WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, STATE, and COUNTY to comply with the CPRA and, in particular, § 832.7(b)(1), and due to the failure by these entities to provide records that would enable Plaintiff to identify the responsible officer or officers, Plaintiff had no choice but to name DOE Defendants in this civil rights action.

24. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.

25. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

26. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

27. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                           8

authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

28. At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant in the events and violations of rights described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

29. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

30. Plaintiff timely and properly filed a government code claim with all municipalities whose employees are named herein (at this time, they are named as to-be-identified DOE Defendants), pursuant to California Government Code § 910 *et seq*., and this action is timely filed within all applicable statutes of limitation.

31. This Complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

32. Plaintiff re-alleges each and every paragraph in this Complaint, as though fully set forth here.

33. On June 1, 2020, a demonstration took place in Walnut Creek, California, in protest of the killing of George Floyd that had occurred days earlier. Plaintiff attended the demonstration with a small group of friends and family.

34. Toward the late afternoon, the demonstration moved toward and onto Interstate 680. When Ms. Tuning reached the Interstate, there were roughly 100 protestors on the freeway. One line of protestors was kneeling or sitting at the front of the group, facing a line of armed law enforcement officers. Traffic was stopped, and there were crowds of protestors milling around on the freeway.

35. There were protesters and police officers from various agencies, including, but potentially not limited to, some or all of the following: the multi-agency Central County SWAT Team, which is comprised of officers from the Walnut Creek Police Department, Martinez Police Department, Pleasant Hill Police Department, San Ramon Police Department, and Bay

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                9

Area Rapid Transit Police Department, as well as officers from the California Highway Patrol, the Contra Costa County Sheriff's Department, the Pittsburg Police Department, and potentially other agencies.

36. At approximately six o'clock, law enforcement officers told the protestors to disperse. As protestors began to leave, officers launched tear gas cannisters and fired 40-millimeter sponge rounds and/or other "less lethal" munitions at the crowd. Some people in the crowd became frantic, causing others in the crowd to be pushed closer toward the line of law enforcement officers. There were a variety of different uses of force deployed on the protesters, including, but not limited to: deployment of a K-9 dog, the firing of 40-millimeter sponge rounds, and the firing of tear gas canisters.

37. At this time, Ms. Tuning was unarmed, was attempting to disperse, and posed no imminent threat of death or serious physical injury to any to-be-identified DOE Defendant or any other person.

38. Ms. Tuning was walking away from the law enforcement officers, and her partner was somewhere behind her. Ms. Tuning turned around to look for him, and she was shot in the face by a to-be-identified DOE Defendant with what was, on information and belief, a 40-millimenter sponge round.

39. The to-be-identified DOE Defendant officer that shot Ms. Tuning inflicted great bodily injuries on her.

40. On information and belief, and pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure, the to-be-identified DOE Defendant officer that shot Ms. Tuning in the face was either a member of the multi-agency Central County SWAT Team, and as such, was employed by the WCPD, and/or the MPD, and/or the PHPD, and/or the SRPD, and/or the BART PD, or was employed by the CHP, and/or the CCSD, and/or the PPD, and/or another, currently unknown, to-be-identified agency. In a photograph of Ms. Tuning taken shortly after she was shot, there are police officers in dark green Central County Swat Team uniforms, bearing a Central County Swat Team patch, who are armed with both traditional and "less lethal" weapons.

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                    10

41. After Ms. Tuning was needlessly and callously shot in the face with what was, on information and belief, a 40-millimeter sponge round, immediately her vision went black and she could hear nothing. She fell to the ground. After a short time, Ms. Tuning's hearing returned, and her vision, though blurry, began to return. Ms. Tuning's partner picked her up and carried her in the direction of the dispersing crowd, away from the law enforcement officers.

42. Ms. Tuning was bloodied from a deep 3-centimeter laceration on her forehead. She was disoriented, nauseated, and unstable on her feet. Her partner was trying to help her as best he could, and he told nearby law enforcement officers that Ms. Tuning needed medical help. Despite the fact that it was obvious that Ms. Tuning required immediate medical attention, the phalanx of officers that were present provided no medical assistance, but continued following closely behind, physically urging Ms. Tuning and her partner along. Ms. Tuning could feel the officers' boots on her heels and could hear their dogs barking.

43. After being shot by the to-be-identified DOE Defendant officer, Ms. Tuning was bleeding profusely. Despite her obvious, serious injuries, neither the DOE Defendant officer that shot Plaintiff, nor any other DOE Defendant officer, including, but not limited to, any DOE Defendant officer that was present and could see Ms. Tuning's injuries or who was a part of the phalanx of officers aggressively marching behind and pushing Ms. Tuning along, timely summoned medical attention for Plaintiff. Further, neither the DOE Defendant officer that shot Plaintiff, nor any other DOE Defendant, rendered any medical aid to Plaintiff.

44. As a result of the unreasonable delay and deliberate indifference on the part of various police officers, instead of receiving any care at the scene – or having an ambulance summoned by the police – Ms. Tuning had to be picked up and rushed to the emergency room.

45. Once she made it off the freeway, Ms. Tuning went directly to the Emergency Room, where she was treated, and diagnosed with serious head injuries.

46. In the days following her injury, Ms. Tuning suffered from worsening symptoms, including, but not limited to, nausea and vomiting, loss of appetite, tinnitus, headaches, cognitive impairment, and fatigue. On June 4, 2020, she returned to the Emergency Room because her symptoms were continuing to worsen. A second CT scan showed "left frontal extra-axial acute

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                   11

hematoma, likely subdural, and additional adjacent small left frontal acute hemorrhages, likely parenchymal or subarachnoid bleeds." Ms. Tuning was admitted to the hospital, then discharged the following day with anti-nausea and anti-seizure medications.

47. During the weeks and months following the traumatic injury, Ms. Tuning suffered from frequent headaches; tinnitus; sensitivity to loud and high-pitched noises; and cognitive changes. To this day, Ms. Tuning continues to experience headaches, sensitivity to loud noises, and a tingling feeling around the site of the wound. The full nature and extent of Plaintiff's injuries is not yet known.

48. With respect to any violations committed by one officer, where another was close enough and had sufficient time to stop the violations, but failed to do so, they failed to intervene and are liable for both their own violations and as integral participants of one another's violations.

49. With respect to any supervisors that failed to properly supervise any officer or ratified the wrongful conduct of any officer, they are liable individually and in their supervisorial capacity.

50. The to-be-identified DOE Defendant proximately inflicted great bodily injuries, as explained above, and in ¶ 55(c), *infra*.

51. Plaintiff's injuries were legally caused by Defendants either through their affirmative conduct or their failure to intervene or stop the violations when they were in a position and had time to do so.

52. The individually named DOES 1-100, by their conduct described herein, caused or permitted Plaintiff to be subjected to excessive force, unreasonable delay of medical care, First Amendment violations, and other liberty deprivations. These Defendants violated Plaintiff's rights by their own conduct, and/or by setting in motion a series of acts by others which each Defendant knew or reasonably should have known would cause others to inflict the constitutional injury.

53. Plaintiff sustained fear, anxiety, emotional distress, and economic and noneconomic damages, for which Plaintiff has received medical treatment, and incurred medical bills.

54. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, and/or wanton and/or willful, and/or conscience shocking, and/or reckless, and/or

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                                    12

malicious, and/or deliberately indifferent to Plaintiff's rights, and/or done with actual malice, and/or grossly negligent, and/or negligent, and objectively unreasonable.

55. As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, Plaintiff sustained the following injuries and damages, past and future, including, but not limited to:

    a. Hospital and medical expenses for past and future treatment;

    b. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

    c. The full nature and extent of Plaintiff's physical injuries, related disabilities, and future prognosis is not yet known; they include, but are not limited to: a traumatic brain injury, a traumatic subdural hematoma and traumatic, acute intracranial hemorrhage, intraparenchymal hemorrhage, and a 3-centimenter, a C-shaped deep laceration on her forehead;

    d. Violations of – and deprivations of – state and federal constitutional rights;

    e. All other legally cognizable special and general damages; and,

    f. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 – FIRST and FOURTH AMENDMENT VIOLATIONS)**
**PLAINTIFF AGAINST DEFENDANTS DOES 1-100**

56. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

57. By the actions and omissions described above, Defendants DOES 1–100 violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

    a. The right to free expression, as secured by the First Amendment;

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.    13

b. The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

c. The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or public employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

d. The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment;

e. The right to be free from excessive and unreasonable force, as secured by the Fourth Amendment; and,

f. The right to adequate and timely medical care to persons who have been injured in a seizure by law enforcement, including as a result of a use of force by law enforcement, and including the obligation by law enforcement not to obstruct or delay access to medical care, as secured by the Fourth Amendment;

58. Plaintiff sustained injuries and damages as set forth at ¶ 55, above, as a direct and proximate result of Defendants' actions and/or omissions.

59. Defendants subjected Plaintiff to their wrongful conduct, and deprived Plaintiff of rights described herein, knowingly, maliciously, and with a conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

60. The conduct of Defendants DOES 1-100 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

61. Plaintiff is also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and other applicable codes and laws.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)**
**PLAINTIFF AGAINST DEFENDANTS WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 1-110**

62. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

63. By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, and

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                    14

violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

    a. The right to free expression, as secured by the First Amendment;

    b. The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

    c. The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or public employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

    d. The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment;

    e. The right to be free from excessive and unreasonable force, as secured by the Fourth Amendment;

    f. The right to adequate and timely medical care to persons who have been injured in a seizure by law enforcement, including as a result of a use of force by law enforcement, and including the obligation by law enforcement not to obstruct or delay access to medical care, as secured by the Fourth Amendment;

    g. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    h. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and,

    i. The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

64. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was neither necessary nor inherent to Defendants' violation of Plaintiff's rights, nor to any legitimate law enforcement activity.

65. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

66. Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 are not sued directly in this cause of

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.    15

action, but are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

67. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 55, and to punitive damages against the individual Defendants DOES 1–100 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 directly.

### THIRD CAUSE OF ACTION
### (CAL. CONST., ART. I, § 13)
### PLAINTIFF AGAINST DEFENDANTS WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 1-110

68. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

69. The excessive force, and/or the wrongful setting into motion of the chain of events that led to the excessive force used on Plaintiff, and the other liberty deprivations that occurred, violated Plaintiff's rights under Article I, § 13 of the California Constitution, thereby entitling Plaintiff to damages.

70. Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 are not sued directly in this cause of action, but are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

71. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 55. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                    16

72. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 directly.

**FOURTH CAUSE OF ACTION
(ASSAULT AND BATTERY)
PLAINTIFF AGAINST DEFENDANTS WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 1-110**

73. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

74. By the acts of Defendants DOES 1-100, as alleged herein, Plaintiff was subjected to an assault and battery, thereby entitling Plaintiff to damages pursuant to California law.

75. The aiding and abetting and/or failure to intervene and/or failure to prevent this assault and battery gives rise to liability on the part of the other individually named and/or DOE Defendants.

76. Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 are not sued directly in this cause of action, but are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

77. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 55. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

78. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against Defendants WALNUT

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                17

CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 directly.

## FIFTH CAUSE OF ACTION
### (NEGLIGENCE)
**PLAINTIFF AGAINST DEFENDANTS WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 1-110**

79. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

80. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

81. At all times, each Defendant owed Plaintiff the duty to act with reasonable care. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited to, the following specific obligations:

   a. to refrain from using, or causing to be used, excessive and/or unreasonable force against Plaintiff;

   b. to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

   c. to refrain from abusing their authority granted them by law;

   d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, as well as those rights secured by California common or statutory law, and as otherwise protected by law.

82. Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 include, but are not limited to, the following specific obligations:

   a. to properly and adequately hire, investigate, train, supervise, monitor, and discipline their employees, agents, and/or police officers to ensure that those employees/agents/officers refrain from the use of inappropriate and excessive force;

   b. to properly and adequately hire, investigate, train, supervise, monitor, and discipline their employees, agents, and/or police officers to ensure that those

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                18

  employees/agents/officers act at all times in the public interest and in conformance with law;

 c. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

 d. to refrain from making, enforcing, and/or tolerating wrongful policies and customs.

83. Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff.

84. Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 are vicariously liable, pursuant to California Government Code § 815.2.

85. As a direct and proximate result of the Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 55, and to punitive damages against the individual Defendants. No punitive damages are sought against Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 directly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. Compensatory damages in an amount according to proof and which is fair, just and reasonable;

2. Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendants WALNUT CREEK, MARTINEZ, PLEASANT HILL, SAN RAMON, SFBART, COUNTY, PITTSBURG, and DOES 101-110 directly);

3. For attorney's fees and costs of suit under 42 U.S.C. § 1988;

4. For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1(i);

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.    19

5. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure § 1021.5, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law; and,

6. For such other and further relief as this Court may deem appropriate, just, or proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims triable of right by a jury.

Dated: July 4, 2021

**LAW OFFICE OF SANJAY S. SCHMIDT**
-and-
**BEEKMAN & CHIKHANI, LLP**

*/s/ Sanjay S. Schmidt*
By: Sanjay S. Schmidt
Attorneys for Plaintiff,
SARAH TUNING

Complaint for Damages and Demand for Jury Trial
*Tuning v. City of Walnut Creek, et al.*
USDC (N.D. Cal.) Case No.                    20